WIGHTMAN *vs.* BRENNER and MAYER.

1. Notice by a workman or materialman, given pursuant to the requirements of the third section of the mechanics' lien law, operates as an assignment of the debt due from the owner to the contractor, under the contract, to the extent of the amount due from the contractor to the workman or materialman.

2. Notice given pursuant to the third section not only gives the workman or materialman a right of action against the owner, if he improperly refuses to pay, but he thereby acquires a right to the debt due to the contractor, under the contract, which a court of equity will enforce by staying the collection of a judgment recovered by the contractor against the owner, and ordering the money paid into court, that it may be paid to those who are entitled to it.

3. In a suit by the contractor against the owner, the owner is not entitled to credit for the sums due to the workmen and materialmen, who have given notice pursuant to the third section, unless he has made payment, the statute only authorizing a deduction when payment has been made.

John H. Luddcke erected a building in the city of Newark, for Brenner and Mayer, under a written contract, which was duly filed. The complainant furnished material used in

its construction, at Luddeke's request, demanded payment of
him, and on his refusal to pay, gave notice, in writing, to
Brenner and Mayer, of the refusal and the amount due, pur-
suant to the third section of the mechanics' lien law. After
service of the notice, disputes arose between Luddeke and
Brenner and Mayer respecting the payment for the building,
a suit was brought, and a judgment recovered by Luddeke for
over $6000. Soon after the recovery of the judgment, the
complainant filed his bill on behalf of himself and such
other persons as held similar claims and had given like
notices, and who should contribute to the expense of the suit,
averring that Brenner and Mayer were satisfied with the
correctness of his demand, claiming a right to a part of the
debt represented by the judgment, alleging that Luddeke
was attempting to collect it to the prejudice of his right, and
praying an injunction to restrain its collection by Luddeke.
An injunction was ordered. The bill states similar notices
were given by three other materialmen or workmen, and that
the fund represented by the judgment was claimed by two
other persons under assignments made by Luddeke.

On the petition of Brenner and Mayer, representing that
the fund was claimed by several different persons in hostile
rights, they were ordered to pay the money into court in
discharge of the judgment.

Hearing on demurrer filed by Luddeke and Maria Richey,
who claims an interest in the judgment under an assignment
by Luddeke.

*Mr. Thomas N. McCarter*, for demurrants.

*Mr. John P. Jackson*, for complainant.

THE VICE-CHANCELLOR.

If the complainant, by his notice to Brenner and Mayer,
acquired a right to any part of the debt represented by the
judgment, I think it must be admitted he has a right to ask
this court to give him the benefit of that right. He is not a

party to the suit at law, and has no remedy in that proceeding. The judgment in that suit is that the debt is due to Luddeke, the recovery is by him, and when process issues for its enforcement, it must command that the money shall be made for him and paid to him. It is clear, I think, the common law tribunal is powerless to vindicate the complainant's right to the debt represented by the judgment, and at the same time determine and adjust the rights and equities of the other persons asserting rights to it.

The material question raised, then, by the demurrer, is, did the complainant, by his notice, acquire any right to the debt due from Brenner and Mayer to Luddeke? Its solution must be found in the third section of the lien law. *Revision* 448.

Read in the light of the interpretations given to it by the Supreme Court in *Reeve* v. *Elmendorf*, 9 *Vroom* (not yet reported), and by the Court of Errors and Appeals, in *Craig* v. *Smith*, 8 *Vroom* 550, that section must be understood to declare, that on the refusal of the contractor to pay a workman or materialman for labor performed on the building or materials furnished for it, he may give the owner written notice of such refusal and of the amount due to him; and if the owner is then liable to the contractor, under the contract, in the amount of the sum demanded, and has no reasonable cause to dispute the claim made, he shall pay, and such payment shall operate as a payment to the contractor; and if the owner, without reasonable cause to dispute the claim, refuses to pay, the workman or materialman may maintain an action against him, and recover the amount of the debt due to him from the contractor.

It is insisted by the demurrants, that the effect of the notice is limited to the creation or raising of a right of action, and does not transfer any right of the contractor, or give the workman or materialman any right whatever to the debt due from the owner to the contractor. This view is manifestly unsound. It can only be supported on the theory that it was the legislative design to make one man pay another's debts.

No such purpose can be imputed to the law. On the contrary, I think the purpose most conspicuously expressed on its face is, to work a substitution or subrogation of creditor rights; in other words, to put the workman or materialman, whenever the condition of affairs contemplated by the statute exists, exactly in the position of the contractor, so that he can invoke not only the contractor's remedy, but his rights against the owner. This is the effect imputed to the notice by the Supreme Court, in *Reeve v.* Elmendorf. The Chief Justice, speaking for the court, says: "Upon notice given, the workman or materialman, to the extent of his demand, takes the place of the contractor." A payment by the owner to a workman or materialman, pursuant to notice, is a payment to the contractor. It has that effect in spite of the will of the contractor. My judgment, therefore, is, that notice, by force of the statute, works an assignment *pro tanto*, of the debt due to the contractor. This is the effect given to it under the New York statute. *Rudd v. Davis*, 1 *Hill* 278; *Collins v. Ellis*, 21 *Wend.* 404. Chancellor Green in *Superintendent of Public Schools v. Heath*, 2 *McCarter* 25, held that notice created a lien in favor of the workman or materialman on the debt due from the owner to the contractor. The effect of the notice was not in issue in that case; the opinion, however, is entitled to the highest respect, for it is well known, that distinguished judge seldom promulgated from the bench a rule imperfectly considered, and not entitled to be accepted as sound law. The doctrine that notice works an assignment, I think, is clearly recognized by the court in Craig *v.* Smith. It is there held, until notice the workman or materialman has no right, but that the statute gives him the right, by notice, to stay the money in the owner's hands for his benefit. It is obvious the court did not mean the notice simply operated as a stay, a warning to hold the money and not pay anybody. The statute plainly requires him to pay, if the sum demanded is due to the contractor, and he is satisfied of the correctness of the demand, and puts in the hands of the workman or materialman the means of compul-

sory payment, if the owner refuses to pay, without reasonable ground to dispute the claim.

I am clearly of opinion the notice, authorized by this section, works an assignment *pro tanto* of the debt due by the owner to the contractor, and that where the contractor has recovered a judgment against the owner for the debt so assigned, and is attempting to enforce it in fraud of the rights of the workman or materialman, it is competent for this court to enjoin its collection, take possession of the fund, and determine and adjust the rights and equities of the rival claimants.

It was also urged, in support of the demurrer, that the recovery at law by Luddeke concluded the rights of all parties to the debt represented by the judgment, and that it must be assumed he simply recovered the amount due to him after deducting the amount covered by the notices. I take it to be clear the complainant cannot be concluded, so far, at least, as he stands in his own rights, and not as the representative of Luddeke, by an adjudication to which he was not a party, and in which he had no right to be heard. It is equally clear, I think, that it cannot be assumed in ascertaining the sum due to Luddeke, the sum covered by the notices was deducted. The owner's right to deductions or allowances, by the statute, is restricted to payments. Until actual payment, or something which, in law, is equivalent, no allowance can be made. Notice creates a right against both owner and contractor, but does not constitute a payment, or operate as a credit.

It was also urged that the complainant has a complete remedy at law, and should not, therefore, be permitted to maintain an action in this court. I have no doubt, under the facts stated in the bill, the complainant has a right of action for his claim against Brenner and Meyer. But that is not the limit of his right; it embraces more. He has a right to a part of the debt represented by the judgment, and to be paid out of that particular fund. The money is here; it has been paid into court, under its order, in discharge of the judgment; the parties entitled to it are here, and should not be turned

out with nothing settled, except who should be burdened with the costs, unless it is perfectly clear they have no right to come here as suitors with such a case. I think the case presented by the bill is clearly one of equity cognizance.

The demurrer must be overruled, with costs. I will advise accordingly.